UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TINA ARTAVANIS,

                     Plaintiff,

        -against-

THE GORGEOUS HAIR CORPORATION d/b/a
CHRIS DASIG SALON, CHRIS'S HAIR
STUDIO, and CRESENCIO DASIG a/k/a CHRIS
DASIG,

                     Defendants.

---

23-CV-5473 (JGLC) (RWL)

**ORDER APPROVING
SETTLEMENT AND
DISMISSING CASE**

JESSICA G. L. CLARKE, United States District Judge:

       This case is an action for damages under the Fair Labor Standards Act, 29 U.S.C. §
201, *et seq.* ("FLSA") and the New York Labor Law. Before the Court is the parties'
settlement agreement (the "Settlement Agreement") executed in full as of January 22, 2025. A
federal court is obligated to determine whether settlement of an FLSA case under the court's
consideration is fair and reasonable and the subject of an arm's length negotiation, not an
employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir.
2015).

       The Court has carefully reviewed the Settlement Agreement. The Court has taken into
account, without limitation, prior proceedings in this action; the attendant risks, burdens, and
costs associated with continuing the action; the range of possible recovery; whether the
Settlement Agreement is the product of arm's length bargaining; the amount of attorney's
fees; and the possibility of fraud or collusion. For instance, the amount secured for the
Plaintiff fairly takes into account, *inter alia*, Plaintiff's potential recovery and the risks of
continuing the litigation. The attorneys' fees are within a fair, reasonable, and acceptable
range. The Settlement Agreement contains a non-disparagement clause that is fair inasmuch it
is mutual and makes clear exception for truthful statements. The release given by Plaintiff is
limited to wage-and-hour claims. The parties' reached final agreement after working
extensively with Magistrate Judge Lehrburger, and although Plaintiff temporarily appeared
pro se, she was represented pro bono by highly capable counsel for purposes of negotiating
the final terms of settlement. The settlement is thus a result of arm's length bargaining and
has been carefully shepherded by the Court. Considering all the circumstances, the Court
finds that the Settlement Agreement is fair and reasonable and hereby approved.

       This case, having resolved by settlement, is hereby dismissed and discontinued in its
entirety, with prejudice, without costs or fees to any party, except as provided for in the
parties' Settlement Agreement. The Clerk of Court is respectfully requested to terminate all
motions and deadlines, and CLOSE the case.

Dated: January 24, 2025
     New York, New York

SO ORDERED.

_____

JESSICA G. L. CLARKE
United States District Judge

## SETTLEMENT AGREEMENT & RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Tina Artavanis ("Plaintiff") on the one hand, and The Gorgeous Hair Corp d/b/a Chris Dasig Salon, and Cresencio Dasig a/k/a Chris Dasig (together "Defendants") on the other hand (Plaintiff and Defendants are each a "Party" and collectively the "Parties");

WHEREAS, on June 27, 2023, Plaintiff filed a Complaint in the United States District Court, Southern District of New York, captioned *Tina Artavanis v The Gorgeous Hair Corp d/b/a Chris Dasig Salon; Chris's Hair Studio, and Chris Dasig AKA Crescensio Dasig* Case No. 23-CV-5473 (JGLC), alleging violations of the Fair Labor Standards Act and New York Labor Law (hereinafter "the Litigation"); and,

WHEREAS, there is a bona fide dispute as to the viability of Plaintiff's claims and whether, and to what extent, if any, Defendants have any liability to Plaintiff for unpaid wages, overtime or other compensation; and,

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation and to have no further obligations to each other, except as specifically provided herein; and,

WHEREAS, Plaintiff has, throughout portions of the negotiation and execution of this Agreement, been represented by her former counsel, Michael Samuel, Esq. ("Plaintiff" Counsel"); and,

WHEREAS, Plaintiff acknowledges she received $10,000 from Defendant from the Settlement Amount, defined below, and

WHEREAS, Plaintiff began representing herself pro se in or about March 2024 and participated in the revisions made to this Agreement; and

WHEREAS, Defendants have been represented by their counsel, Michael Marcus, Esq. ("Defendants' Counsel"); and,

WHEREAS, the Parties acknowledge that they have each entered into the Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after mediation and arms-length negotiation between Plaintiff's Counsel, Plaintiff pro se and Defendants' Counsel: and,

WHEREAS, the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement; and,

WHEREAS, the Parties previously signed an earlier version of this Settlement Agreement on August 14, 2023; and Defendants have already fully paid the consideration due that is described below in Paragraph number 1; but the Court subsequently did not approve the earlier version of this Settlement Agreement; and

WHEREAS, the Parties have modified the Settlement Agreement as embodied herein to address the Court's concerns; the Parties restate the terms of settlement as follows:

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.     Consideration. Subject to the terms and condition of this Agreement, Defendants agree to pay to Plaintiff the total sum of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00) (the "Settlement Amount") as payment for all damages (including liquidated, compensatory and other damages), as well as all attorneys' fees and costs incurred by Plaintiff in the Litigation, as consideration, in exchange for Plaintiff agreeing to the terms of this Agreement in full, complete, and final settlement of any and all claims asserted or potential wage-related claims Plaintiff may have or had against Defendants and Releasees (as defined herein) through the Effective Date of this Agreement, whether or not such claims were asserted by Plaintiff in the Litigation. The Effective Date shall be the date the fully executed agreement is exchanged by the Parties' counsel. The Settlement Amount shall be paid via an initial lump sum payment of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Initial Payment"), followed by one additional payment of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) thirty (30) days later.  The Initial Payment shall be delivered to the Law Office of Michael Samuel within two (2) days after the Effective Date this Agreement. Payment shall be made in certified funds.

2.     The Initial Payment shall be each be made by check payable to "Tina Artavanis." The subsequent payment of $2,500.00 shall be made payable to "The Law Office of Michael Samuel."   The Samuel Law Firm will be responsible for distributing to Plaintiff their respective monies from the Settlement Amount as the checks are received, and Plaintiff shall be responsible for the timely payment of any tax liability for any amounts Plaintiff received pursuant to this Agreement.

3.     Release of Claims.

As a material inducement to Defendants to enter into this Agreement, and in exchange for Defendants' promise to pay the Settlement Amount, and in full and complete settlement of all claims for wages, liquidated damages, attorneys' fees, interest, or costs, that Plaintiff have or may have against Defendants, Plaintiff knowingly and voluntarily releases and forever discharges Defendants, and their  owner, principal, officer, director, and shareholder, (collectively, the "Releasees"), from any federal, state, or local claims, demands, actions, liabilities, suits or causes of action, at law or equity, and any rights to or claims for attorneys' fees or damages (including backpay, liquidated damages and/or penalties) or equitable relief, which Plaintiff has, had, or may have against the Releasees, whether such claims are known or unknown by Plaintiff as of the date Plaintiff signs this Agreement relating to the claims asserted in this lawsuit and arising solely from or concerning any claim by Plaintiff involving unpaid, unfair or improperly paid wages, including claims of Defendants': (a) violations of minimum wage or overtime provisions of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL); (b) failure to pay any wages owed to Plaintiff; (c) failure to pay the "spread of hours" provisions of the NYLL and applicable wage orders; (d) failure to provide the wage notice and wage statement provisions of the New York Wage and Theft Prevention Act and/or any notice or record keeping requirement relating to wages; and/or (e) any other claims of Defendants' violations to pay proper wages.  Likewise, Defendants release Plaintiff Tina Artavanis for any and all causes of action, known or unknown, as they specifically relate to unpaid, unfair or improperly paid wages.

a.    This Release includes claims for wages arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the New York Labor Law, the New York State Earned Sick Law, the New York Paid Sick Leave Law, New York City Administrative Code, as they relate solely to unpaid, unfair or improperly paid wages or record keeping ; and the New York Wage Theft Prevention Act and/or any causes of action under and New York State's and New York City's wage and hour laws.

b.    PLAINTIFF UNDERSTANDS THAT THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE-RELATED CLAIMS ONLY THAT PLAINTIFF MAY HAVE AGAINST DEFENDANTS AND THE RELEASEES AS OF THE EFFECTIVE DATE OF THIS AGREEMENT.

c.    This Release shall not affect or limit: (a) any claims that may arise after the Effective Date of this Agreement or (b) either Party's right to enforce the terms of this Agreement.

4.    <u>No Admission of Wrongdoing</u>. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. Defendants explicitly deny any liability, wrongdoing, damages, penalties, interest fees, and all other forms of relief asserted by Plaintiff in connection with the Litigation, including without limitation, Plaintiff's alleged employment by Defendants or any of them, or otherwise. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law. To the extent that this Agreement is deemed void, Defendants do not waive, but rather expressly reserve all rights to challenge any and claims and allegations asserted in the Litigation, and this Settlement Agreement shall have no evidentiary effect on any such litigation.

5.    <u>Discontinuance of Claim. And Covenant not to Sue</u> . Plaintiff acknowledges and agrees that Plaintiff is not presently aware of any legal proceedings other than the Litigation pending between Plaintiff and/or Plaintiff's representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw the Litigation by executing the Stipulation of Voluntary Dismissal With Prejudice in the form annexed hereto as **Exhibit B** ("Dismissal") upon court approval of this settlement. Plaintiff agrees not to file a lawsuit or commence any other legal or administrative proceedings against Defendants concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to the enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing Party.

6.    <u>Plaintiff's Acknowledgments and Affirmations</u>. Plaintiff represents, acknowledges, and affirms that:

a.    Plaintiff is not aware of any existing lien against Plaintiff's recovery in this Litigation, and agrees to release, hold harmless and indemnify the Releasees from any claim

asserting a lien or claim against the Settlement Amount with respect to any liens, known or unknown, against Plaintiff's recovery in this Litigation, including that portion of the recovery representing fees for legal services. Plaintiff represents and warrants, that other than this Litigation, she has not filed, and does not presently have pending, any notices, complaints, charges, applications or lawsuits of any kind whatsoever against the Releasees with any court, arbitration,/forum, governmental agency, or other regulatory body with respect to any matter related to her employment or association with Defendants.

        b.    Plaintiff will not be entitled to any payment as set forth in this Agreement unless and until this Agreement becomes effective and until Plaintiff files the executed Dismissal, attached hereto as Exhibit A.

        c.    Plaintiff expressly understands that Plaintiff is not entitled to, and will not seek, attorneys' fees from Defendants in connection with this matter, aside from any portion of the Settlement Amount attributable to attorneys' fees, as determined between Plaintiff and Plaintiff's Counsel.

        d.    Plaintiff affirms that upon receipt of the Settlement Amount, Plaintiff has been paid and/or have received all compensation, wages, bonuses, tips, commissions, and/or benefits to which Plaintiff may be entitled from Defendants.

    7.    <u>No Consideration Absent Execution of this Agreement</u>. Plaintiff understands and agrees that Plaintiff would not receive the consideration set forth in Paragraph 1 above, except for Plaintiff's execution of this Agreement, including Exhibit A, and the fulfillment of the promises contained herein. It is agreed and understood that neither Defendants nor Releasees have or will have any obligation to provide Plaintiff with any other payments, benefits or other considerations at any time in the future, except as expressly provided for in Paragraph 1.

    8.    <u>Non-Disparagement.</u> Plaintiff agrees that Plaintiff will not make any comments to any third party that will disparage Defendants, such as comments concerning the quality of Defendants as employer, other than truthful statements about her experience litigating this matter. Plaintiff further agrees that Plaintiff will not contact other employees working for or providing services to Defendants for the purpose of disparaging Defendants, other than truthful statements about their experiences litigating this matter. Likewise, Chris Dasig agrees not to make any comments to any third party that will disparage Plaintiff, such as comments concerning Plaintiff's work performance, other than truthful statements about his experience litigating this matter.

    9.    <u>Statement of Fairness</u>. Plaintiff and Defendants acknowledge and agree this settlement is in their respective best interest given the extent of the disputed issues of fact described herein, taking into account the strengths and weaknesses of each Party's case.

    10.    <u>Governing Law</u>. This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in the County of New York, State of New York; or, (ii) the United States District Court for the Southern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement,

and the Parties consent to the personal jurisdiction of those courts. The parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement.

11.     <u>Severability and Reformation</u>. The Parties further agree that if, for any reason, any provision hereof is unenforceable, the remainder of the Agreement will nonetheless remain binding and in effect. The illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of certain claims or certain rights or a certain covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable, in line with the spirit and purpose of the original Release agreed to by the Parties as set forth herein.

12.     <u>Modification of Agreement</u>. This Agreement may not be modified, altered or changed except upon express written consent of all parties or their counsel.

13.     <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement, it being understood that both Parties need not sign the same counterpart. In the event that a signature is delivered by facsimile transmission or by e-mail delivery of a ".pdf" format data file, such signature shall create a valid and binding obligation of the Party executing, with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

14.     <u>Entire Agreement</u>. This Agreement contains all understandings between Plaintiff and Defendants and supersedes all prior agreements and understandings between such Parties. There is no other agreement between and among the Parties except as stated herein. The Parties acknowledge that no Party has made promises to the other Party not contained in this Agreement.

15.     <u>Waiver</u>. The failure of any Party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for Plaintiff and for Defendants and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

16.     <u>Section Headings</u>. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

17.     <u>Competence and Authority to Execute Agreement</u>. The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority. The Plaintiff further acknowledge that this Agreement has been read to them in their native languages and they fully understand the Agreement.

WHEREFORE, Plaintiff and Defendants, intending to be legally bound hereby, have executed the foregoing Settlement Agreement & Release.

PLAINTIFF:

_____    1/22/2025
Tina Artavanis                              Date


DEFENDANTS:

The Gorgeous Hair Corp

By:_____    01-20-2025
    Chris Dasig AKA Crescensio Dasig         Date
    Owner


_____    01-20-2025
Chris Dasig AKA Crescensio Dasig (individually)   Date